IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 1 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00833-BNB

SHERMAN JAMES SCHUETT,
    Plaintiff,

v.

SHERIFF ROBINSON (ACDF),
ELAINE MEYERS, H.S.A., (ACDF),
P.A. DAVID SOLIS (ACDF),
NURSE EFRAM (ACDF),
NURSE MCDAMERON (ACDF), and
CAPTAIN BAY (ACDF),
    Defendants.

ORDER TO FILE SECOND AMENDED COMPLAINT AND TO SHOW CAUSE

Plaintiff Sherman James Schuett currently is incarcerated at the Arapahoe County Jail in Centennial, Colorado. He filed *pro se* an amended complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). He alleges that his rights under the United States Constitution have been violated.

The Court must construe the amended complaint liberally because Mr. Schuett is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Schuett will be ordered to file a second amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust available administrative remedies.

Mr. Schuett asserts that he has had three operations for his lower back, hip, and knee. He contends that Defendants have been deliberately indifferent to his serious medical needs, particularly his hip and back pain. On the basis of these allegations, he argues that his Eighth Amendment rights have been violated.

Mr. Schuett must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Robinson, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, it is not clear whether Mr. Schuett has exhausted his claims through the jail grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2006), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001),

and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Schuett is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Schuett must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Schuett has failed to exhaust administrative remedies for any one of his claims, the entire amended complaint must be dismissed. Mr. Schuett's statement that copies of his grievances are in the possession of the jail medical staff fails to satisfy the requirement that either he attach copies of administrative proceedings or describe their disposition with specificity. Therefore, Mr. Schuett will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the jail's administrative grievance procedure.

Finally, Mr. Schuett is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Schuett should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Schuett file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the available administrative remedy procedure. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Schuett, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Schuett submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Schuett fails to comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED August 11, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00833-BNB

Sherman J. Schuett
Prisoner No. 200500007494
Arapahoe County Jail
PO Box 4918
Centinnial, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8-11-06_

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk